CONSOLIDATED ELECTRIC LIGHT Co. *v.* McKEESPORT LIGHT Co.

(*Circuit Court, W. D. Pennsylvania.*   March 17, 1888.)

PATENTS FOR INVENTIONS—SEVERAL ASSIGNMENTS BEFORE ISSUE.

> Letters patent issued to the assignee of the inventor are not void because prior to the issuance thereof such assignee had made an assignment of the invention to a third person, who had assigned the same to still another person, all the assignments being recorded in the patent-office: but by operation of law the legal title to the patent, upon the issuance thereof, *eo instanti* vested in the ultimate assignee.   Following *Light Co.* v. *Light Co.*, 25 Fed. Rep. 719.

In Equity.
*Sur* demurrer to bill of complaint.
*W. Bakewell,* for complainant.
*John C. Tomlinson,* for respondent.

ACHESON, J.   The precise question here presented was raised in the case of *Light Co.* v. *Light Co.*, 25 Fed. Rep. 719, and was decided favorably to the plaintiff.   I have carefully read the opinion of Judge WALLACE, and perceive no reason for doubting the correctness of his conclusion.   How can it be said that the patent was issued without authority of law, and therefore is void, when in fact it was issued to the very person designated by section 4895, Rev. St., viz., "the assignee of the inventor"?   There was, indeed, a literal compliance with the provisions of the statute.   But as by operation of law the legal title to the patent, upon the issuance thereof, *eo instanti* vested in the plaintiff as the ultimate assignee, the substantial result was the same as if it had formally issued to the plaintiff.   *Gayler* v. *Wilder,* 10 How. 477.   While this

view saves the patent, and subserves the justice of this case, it neither runs counter to sound public policy, nor tends to any evil consequences, so far as I can see. And now, March 17, 1888, the demurrer is overruled, with leave to the defendant to answer the bill within 30 days.